1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DWIGHT R. SHELTON, JR.,                    No.  2:21-cv-02113-EFB (HC)

11                Petitioner,

12       v.                                     ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
13   USDC NORTHERN ALABAMA,

14                Respondent.

15

16        Petitioner Dwight Shelton, currently incarcerated in Folsom State Prison, seeks a

17   reduction to a consecutive federal sentence for time spent in federal custody through this petition

18   for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  Petitioner filed the petition

19   himself but is now represented by counsel.  *Id.*; ECF No. 15.  Respondent moves to dismiss the

20   petition.  ECF No. 13.  For the reasons that follow, the court finds that the petition must be

21   dismissed.

22   **I.      The Petition**

23        Petitioner is serving a term of over 29 years in California state prison following

24   convictions in Los Angeles Superior Court Case No. BA344533.[1]  ECF No. 1 at 1.  During his

25   state incarceration, which began in 2010, petitioner was indicted in federal court (Northern

---

[1] The petition states that the state term is "25 years to life plus 4 years and 4 months"
(ECF No. 1 at 1) but petitioner's counsel corrects that information and asserts that the term is
actually two consecutive determinate terms (25 years and 4 years, 4 months, totaling 29 years, 4
months).  ECF No. 15 at 2, 9.

1

1    District of Alabama) and eventually pleaded guilty to bank fraud and identity theft.  *Id.* at 2, 10.

2    On May 5, 2011, U.S. District Court Judge Sharon Blackburn sentenced petitioner to 17 months

3    for the bank fraud count, to be served concurrently with petitioner's California sentence, and 12

4    months for the identity theft count, to be served consecutively to the state sentence.  *Id.* at 8, 10-

5    11.  Petitioner claims that he is due custody credit of 270 days against the 12-month federal

6    sentence for time spent in federal custody in connection with the bank fraud and identity theft

7    charges.  *Id.* at 8.

8         Petitioner has previously made the same claim to the sentencing court in a motion brought

9    under 28 U.S.C. § 2255.  ECF No. 13-1 at 32-34.  Judge Blackburn rejected the claim as

10   improperly brought under § 2255.  *Id.* at 32.  She further ruled that "any habeas petition under §

11   2241 is premature and, when ripe, must be filed in the district of incarceration, not in the court of

12   conviction.  *Once Shelton begins his federal sentence*, he must exhaust all BOP administrative

13   remedies before filing a § 2241 habeas petition in the federal district court[.]"  *Id.* at 32-33

14   (emphasis added).

15       **II.      The Motion to Dismiss**

16       Petitioner argues that he is entitled to a custody credit of 270 days against his 12-month

17   federal sentence for time he spent on loan from state authorities to the U.S. Marshal pursuant to a

18   writ of habeas corpus ad prosequendum to adjudicate the federal charges.  The U.S. Attorney

19   makes a limited appearance on behalf of the named respondent, the U.S. District Court for the

20   Northern District of Alabama, because the United States does not currently have custody of

21   petitioner.  ECF No. 13.  Respondent, through the U.S. Attorney, argues that the instant petition

22   must be dismissed because the court lacks jurisdiction and petitioner's claim is without merit.  *Id.*

23   The court agrees with respondent on both counts.

24        Under Article III of the U.S. Constitution, federal courts have jurisdiction over cases and

25   controversies; thus, to bring a case in federal court, parties must present a live controversy, in

26   part, to protect agencies from "judicial interference until an administrative decision has been

27   formalized and its effects felt in a concrete way by the challenging parties."  *Abbott Laboratories*

28   *v. Gardner*, 387 U.S. 136, 148-49 (1967), *abrogated on other grounds by Califano v. Sanders*,

1   430 U.S. 99 (1977).  A claim is not yet ripe for judicial review – and thus may not be pursued in

2   federal court – if it involves "'contingent future events that may not occur as anticipated, or

3   indeed may not occur at all.'"  *Thomas v. Union Carbide Agr. Prods. Co.,* 473 U.S. 568, 580-81

4   (1985)) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532

5   (1984)).

6          Here, petitioner does not contend that his state sentence has concluded and the

7   consecutive federal sentence has begun.  Rather, he is in state custody and his own filings show

8   that the earliest he may be released from state custody is 2023.  ECF No. 15 at 9; *see generally* 18

9   U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is

10  received in custody awaiting transportation to, or arrives voluntarily to commence service of

11  sentence at, the official detention facility at which the sentence is to be served.").  As Judge

12  Blackburn has already ruled, petitioner's claim for a credit against the 12-month federal sentence

13  will not be ripe until that sentence commences.

14         In addition, the court is not persuaded by petitioner's claim that he is due 270 days credit

15  against any of his sentences for time spent in federal custody on the bank fraud and identity theft

16  charges.  The 270 days petitioner spent in *physical* federal custody under the writ of habeas

17  corpus ad prosequendum were *legally* spent in state custody – that is, petitioner's state term

18  continued to run uninterrupted while he was "on loan" to the federal government for the federal

19  prosecution, and petitioner's state sentence calculation worksheet reflects that uninterrupted

20  custody.  ECF No. 15 at 9; *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (holding that

21  a sate prisoner brought before federal court for trial and sentencing under a writ of habeas corpus

22  ad prosequendum remained a state prisoner even while under the physical custody of federal

23  authorities and quoting with approval *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)

24  ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is

25  considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the

26  accused continues uninterruptedly.")).

27  /////

28  /////

3

1     **III.**     **Order and Recommendation**

2          It is thus hereby ORDERED that the Clerk of Court randomly assign a District Judge to

3 this action.  It is further RECOMMENDED that the District Judge grant respondent's February

4 11, 2022 motion to dismiss (ECF No. 13) and close this case.

5          These findings and recommendations are submitted to the United States District Judge

6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7 after being served with these findings and recommendations, any party may file written

8 objections with the court and serve a copy on all parties.  Such a document should be captioned

9 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10 shall be served and filed within fourteen days after service of the objections.  Failure to file

11 objections within the specified time may waive the right to appeal the District Court's order.

12 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

13 1991).

14 Dated: August 2, 2022.

15                            EDMUND F. BRENNAN
                               UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28